UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **LEONARD STEVEN CRABTREE,** }<br>}<br>**Plaintiff,** }<br>}<br>v. }<br>}<br>**KILOLO KIJAKAZI, Commissioner of** }<br>**Social Security,** }<br>}<br>**Defendant.** } | Case No.: 4:20-CV-1676-RDP |

## MEMORANDUM OF DECISION

Plaintiff Leonard Crabtree brings this action pursuant to Sections 205(g) and 1631(c)(3) of the Social Security Act (the "Act"), seeking review of the decision of the Commissioner of Social Security ("Commissioner") denying his applications for disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). *See* 42 U.S.C. §§ 405(g), 1383(c). Based upon the court's review of the record and the briefs submitted by the parties, the court finds that the decision of the Commissioner is due to be affirmed.

**I.    Proceedings Below**

Plaintiff protectively filed his applications for disability benefits and SSI on September 11, 2018, alleging a period of disability beginning on August 1, 2018. (R. 184, 191). Plaintiff's initial applications were denied by the Social Security Administration on January 15, 2019. (R. 109, 116). On January 28, 2019, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (R. 121). Plaintiff's request was granted, and on January 30, 2020 a hearing was held before ALJ Monica D. Jackson in Gadsden, Alabama. (R. 30-74). Vocational Expert ("VE") Robert Moseley was in attendance during the hearing and testified. (R. 60-73).  In her decision dated February 24,

2020, the ALJ determined that Plaintiff had not been under a disability, as defined in the Act, from August 1, 2018 through the date of her decision. (R. 25). After the Appeals Council denied Plaintiff's request for review of the ALJ's decision (R. 1), that decision became the final decision of the Commissioner, and therefore, a proper subject of this court's appellate review.

At the time of the hearing, Plaintiff was 57 years old and had completed an eleventh-grade education. (R. 35). Plaintiff was enrolled in special education classes while in school and did not obtain his GED after leaving high school. (R. 58). Plaintiff has past relevant work experience as a sock boarder, material handler, inspector general, and seamless hosiery knitter. (R. 71). Plaintiff alleges that he has been disabled since August 1, 2018 due to difficulty reading, anxiety, depression, and pain. (R. 43-46).

The record indicates that Plaintiff sought in-patient treatment for alcoholism and depression from Gadsden Regional Medical Center in September 2018. (R. 309-310). While receiving treatment for alcoholism and depression, Plaintiff's physician identified an abscess on his neck that required surgical intervention. (R. 296). Plaintiff had the abscess drained and was discharged on September 15, 2018. (R. 302, 304, 311). Plaintiff's discharge notes indicate that he was alert and oriented when he left the facility. (R. 310).

On September 27, 2018, following his discharge from Gadsden Regional Medical Center, Plaintiff sought treatment at Cherokee Etowah Dekalb Mental Health Center ("CED Mental Health"), where he was diagnosed with Major Depressive Disorder. (R. 337). At the time of his hearing before the ALJ, Plaintiff was unmedicated for his mental health conditions. (R. 44).

Plaintiff also points to back pain as a factor contributing to his alleged disability. (R. 44, 50). On November 19, 2018, Plaintiff received a consultative examination from Vickie Craig, a Certified Registered Nurse Practitioner ("CRNP"). (R. 340). CRNP Craig's observations of

Plaintiff included that he was able to stand up and move around the exam room without difficulty, walked with a normal gait, and was able to squat. (R. 341). CRNP Craig diagnosed Plaintiff with lower back pain, moderate degenerative disc disease of the lumbar spine, and left hip pain. (R. 342). Plaintiff testified that he was not currently taking any prescription or over-the-counter medication for his back pain. (R. 46, 53).

Plaintiff reports having mental health conditions and cognitive limitations, which he asserts contribute to him being disabled. (R. 43-44, 50). Plaintiff reports having a difficult time concentrating, remembering things, and that he struggles with reading comprehension. (R. 43-44, 59). Plaintiff has also presented evidence documenting a history of depression and anxiety. (R. 44, 337, 309-310). He is in recovery from alcoholism. (*Id.*).

On November 29, 2018, Plaintiff received a psychological evaluation from Dr. Mary Arnold, PsyD. (R. 344). In her report, Dr. Arnold states that Plaintiff's speech was "clear and fluid," he behaved normally, and he was able to "reach logical goal ideas without tangential and/or circumstantial thinking." (R. 345). Dr. Arnold also stated in her notes that Plaintiff was "alert/oriented in all spheres," he was able to recall the seasons and directions, and he was able to recite the months of the year. (R. 345).

On February 8, 2019, Dr. James Banos, Ph.D., performed a psychological evaluation for Plaintiff. (R. 349). Dr. Banos also conducted Psychometric testing to determine Plaintiff's intellectual capabilities. (R. 350). Dr. Banos stated that Plaintiff was alert and attentive during the testing. (R. 350). In his report, Dr. Banos determined that Plaintiff had borderline intellectual capabilities, specific learning disorder with impairments in reading, and adjustment disorder with mixed anxiety and depression. (R. 351). It was Dr. Banos' impression that Plaintiff had "no unmet

mental health needs" and that the conditions identified during the evaluation "should not pose a barrier to participating in VR services."(R. 352).

**II.     ALJ Decision**

Disability under the Act is determined using a five-step test. 20 C.F.R. § 404.1520. First, the ALJ must determine whether the claimant is engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). Work activity is "substantial" when it involves doing significant physical or mental activities. 20 C.F.R. § 404.1572(a). "Gainful" work activity is work that is done for pay or profit. 20 C.F.R. § 404.1572(b). If the ALJ determines that the claimant engages in substantial gainful activity, the claimant is not disabled under the Act. 20 C.F.R. § 404.1520(b).

Second, the ALJ must determine whether the claimant has a medically determinable physical or mental impairment, or a combination of impairments, that significantly limit his ability to perform basic work activities. 20 C.F.R. § 404.1520(a)(4)(ii). If no such impairment is found, the claimant cannot claim disability. *Id.* Third, the ALJ determines whether the claimant's impairments meet or medically equal the criteria of a listed impaired under 20 C.F.R. § 404, Subpart P, Appendix 1. *See* 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If the claimant's impairments meet the criteria of a listed impairment, the claimant is declared disabled. 20 C.F.R. § 404.1520(a)(4)(iii).

If the claimant's impairments do not meet or medically equal the criteria of a listed impairment, the ALJ may still determine that the claimant is disabled in the remaining steps of the analysis. Before continuing to the last two steps in the analysis, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the claimant's remaining ability to work, despite his impairments. 20 C.F.R. § 404.1520(e). Then, in the fourth step, the ALJ determines whether or not the claimant's RFC allows him to return to past relevant work. 20 C.F.R. §

404.1520(a)(4)(iv). If the claimant is capable of performing past relevant work, then the claimant is not disabled under the Act. *Id.* If the claimant's RFC does not allow them to perform past relevant work, the ALJ will proceed to the final step of the analysis. 20 C.F.R. § 404.1520(a)(4)(v). In the fifth step, the ALJ must determine if there is other work in the national economy that the claimant is able to perform, given the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(g). At this point in the analysis, the burden shifts from the claimant to the ALJ to prove that there are jobs that exist, in significant numbers, in the national economy which the claimant is capable of performing with his RFC, age, education, and prior work experience. 20 C.F.R. §§ 404.1520(g), 404.1560(c).

Here, the ALJ determined that Plaintiff has not engaged in substantial gainful activity since August 1, 2018, the alleged onset date of Plaintiff's disability, satisfying the first step. (R. 17). The ALJ found that Plaintiff's lumbar spine degenerative disc disease, adjustment disorder with anxiety and depression, alcohol dependence, borderline intellectual functioning, and specific learning disorder are severe impairments, satisfying the second step of the analysis. *Id.* The ALJ further found that Plaintiff has moderate limitations in understanding, remembering, or applying information, as well as concentrating, persisting, or maintaining pace. (R. 18-19). The ALJ also determined that Plaintiff has mild limitations in interacting with others and adapting and managing oneself. *Id.*

To meet a listing under Paragraph B, a claimant's mental impairments must result in one extreme limitation or two marked limitations in a broad area of functioning. 20 C.F.R. § 404, Subpart P, Appendix 1. The ALJ determined that Plaintiff's impairments do not result in one extreme limitation or two marked limitations, and therefore did not meet the paragraph B criteria. (R. 19). The ALJ also considered whether Plaintiff's mental impairments met the paragraph C

criteria. *Id.* To meet the criteria under paragraph C, a claimant must show the existence of a disorder lasting over a period of at least two years and evidence of both: (1) reliance on an ongoing basis, upon medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s), to diminish the symptoms and signs of your mental disorder; and (2) that you have achieved only marginal adjustment, meaning you have minimal capacity to adapt to changes in your environment or to demands that are not already part of your daily life. 20 C.F.R. § 404, Subpart P, Appendix 1. The ALJ determined that Plaintiff's impairments did not meet the paragraph B or C criteria, thereby not satisfying the third step of the analysis. (R. 18-19).

After considering the record, the ALJ found that Plaintiff has the RFC to perform medium work as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c). (R.19). However, the ALJ noted that the following limitations reduce his ability to perform the full range of medium exertion work: (1) he can frequently balance, stoop, kneel, crouch, crawl, and climb ramps and stairs; (2) he can occasionally climb ladders, ropes, or scaffolds; (3) he can understand, remember, and carry out simple instructions and make simple work-related decisions; (4) he can tolerate occasional changes in the work setting; and (5) he can sustain an ordinary routine without special supervision. *Id.* Based on the testimony of the VE, the ALJ found that Plaintiff was capable of performing his past relevant work as a Sock Boarder, and thus concluded that Plaintiff has not been under a disability as defined by the Act. (R. 25).

**III.   Plaintiff's Argument for Reversal**

Plaintiff presents three arguments for reversing the decision of the ALJ. First, Plaintiff contends that the ALJ's RFC determination is not supported by substantial evidence. (Doc. 12). Second, Plaintiff argues that the ALJ's finding that he has a moderate limitation in his ability to concentrate, persist, or maintain pace and a moderate limitation in understanding, remembering,

or applying information is not supported by substantial evidence. (*Id*.). Finally, Plaintiff argues that the ALJ erred by failing to ask the VE to account for (1) his moderate limitation in his ability to concentrate, persist, or maintain pace, and (2) his moderate limitation in understanding, remembering, or applying information, when posing hypotheticals to the VE. (Doc. 15).

## IV.   Standard of Review

Judicial review of disability claims under the Act is limited to whether the ALJ's decision is supported by substantial evidence, *see* 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002), and whether the correct legal standards were applied. *See Lamb .v Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). If the Commissioner's findings are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g). Substantial evidence is less than a preponderance, but rather such relevant evidence as a reasonable person would accept as adequate to support a conclusion. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005); *see also Martin v. Sullivan*, 894 F.2d at 1529 (11th Cir. 1990).   In determining whether substantial evidence supports the Commissioner's findings, the district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner. *Martin*, 894 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239). If substantial evidence supports the Commissioner's decision, it must be affirmed, even if the evidence preponderates against the Commissioner's findings.  *See Martin*, 894 F.2d at 1529. The court acknowledges that the scope of judicial review of the ALJ's findings is limited, but also notes that review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

## V.   Discussion

After carefully considering Plaintiff's arguments, the court concludes that the ALJ's decision is supported by substantial evidence for the following reasons.

### A. The ALJ's Determination that Plaintiff Can Perform a Range of Medium Work with Restrictions is Supported by Substantial Evidence.

Plaintiff contends that the ALJ's determination that he can perform a range of medium work with restrictions is not supported by substantial evidence. (Doc. 12). To the contrary, the court concludes that the ALJ properly considered the evidence presented by Plaintiff and the ALJ's findings are based on substantial evidence, which indicates that Plaintiff is capable of performing medium work with restrictions.

Plaintiff primarily asserts that he should have been found to be limited to light work, rather than medium work with restrictions, references the guidelines for medium work listed under 42 U.S.C. § 494.1567(c), and reiterates his complaints of pain. (Doc. 10-12). This argument is unpersuasive for several reasons.

Plaintiff argues that, had he been found to be limited to light work, he would "grid out" as disabled under Grid Rule 202.01 due to his age and skill level. *Id.* While this may be true, it does not in any way imply a lack of substantial evidence supporting the finding of the ALJ. Plaintiff references his testimony at the hearing before the ALJ, where he described having hip pain resulting from a four-wheeler accident and lumbar spine degenerative disc disease. (Doc. 11). But the question is not whether this court agrees with the ALJ's finding because it is not the place of this court to reweigh evidence presented to the ALJ. *Martin v. Sullivan*, 894 F.2d at 1529 (11th Cir 1990). Rather, the question is whether substantial evidence supports the ALJ's finding. The existence of counter-evidence that supports Plaintiff's argument does not show that the ALJ's finding is not supported by substantial evidence. *Id*. This court cannot substitute its judgment for that of the ALJ.

The record indicates that the ALJ properly assessed Plaintiff's relevant medical history and made a determination that is supported by substantial evidence. To establish disability based on

testimony of pain or other subjective symptoms, the claimant must show (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the pain complained of by the claimant. *Wilson,* 284 F.3d at 1225). Here, Plaintiff points to back pain that he asserts is caused by degenerative disc disease as evidence that the ALJ's assessment is not supported by substantial evidence. (Doc. 12). But, the ALJ's decision specifically addresses Plaintiff's complaints of pain and, in fact, includes the same description of the condition given by CNRP Craig, which Plaintiff references in his argument. (R. 21, Doc. 12). The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause some of the symptoms that he alleges, but determined that the effects of his symptoms are not entirely consistent with the evidence in the record. (R. 21). In making her determination, the ALJ considered all of Plaintiff's symptoms, assessed the diagnoses of the physicians who treated him, and gave weight to his symptoms to the extent they are supported by the relevant evidence. (R. 19).

      **B.**      **The ALJ's Finding that Plaintiff has a Moderate Limitation in Understanding, Remembering, or Applying Information, and a Moderate Limitation in Concentrating, Persisting, and Pacing is Supported by Substantial Evidence.**

The ALJ's determination that Plaintiff has a moderate limitation in understanding, remembering, or applying information, and a moderate limitation in his ability to understand remember, or apply information is supported by substantial evidence. Plaintiff cites the diagnoses of several physicians as a basis for his argument that the ALJ's determination is not supported by substantial evidence. (Doc. 12-14). However, the ALJ considered the opinions of Dr. Arnold, Dr. Banos, and others in her opinion. (R. 18, 21-24). Plaintiff has not presented any factual argument that was not explicitly addressed in the ALJ's decision. Plaintiff cites Dr. Arnold's diagnostic

impressions, but the ALJ discussed those in her opinion, as well statements made by Dr. Arnold about Plaintiff's ability to reach "logical goals without tangential and/or circumstantial thinking." (Doc. 13, R. 22). Additionally, Plaintiff mentions Dr. Banos' impressions, but again the ALJ considered and determined those were not entirely consistent with the assessment by Dr. Arnold. (Doc. 13-14, R. 23). Plaintiff also cites the appointment of his brother and sister as guardians/conservators, but that evidence was also considered by the ALJ. (Doc. 13, R. 22). The ALJ was in the best position to weigh the medical testimony and other evidence presented below. *Martin v. Sullivan*, 894 F.2d at 1529 (11th Cir 1990).

      **C.**    **The ALJ's Hypothetical Accounted for Plaintiff's Mental Impairments and Moderate Limitation in Concentration, Persistence, or Pace, and Understanding, Remembering, or Applying Information.**

An ALJ may rely on the testimony of a VE to determine whether or not a claimant is capable of performing work in the national economy. 20 C.F.R. § 416.966. "In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002) (per curiam). Plaintiff alleges that the ALJ committed reversible error by failing to include his limitations in concentration, persistence, or pace, and understanding, remembering, or applying information in her hypothetical questions to the VE. (Doc. 14-15).

At the hearing, the ALJ asked the VE about hypothetical individuals, each similar to Plaintiff in age, education, and work history. (R. 71-73). In addition, the hypotheticals involved individuals who were limited to medium work with this exception: an individual who can frequently balance, stoop, kneel, crouch, crawl, and climb ramps and stairs; occasionally climb ladders, ropes, or scaffolds. *Id.* The ALJ also instructed the VE to consider that the hypothetical

10

individuals can understand, remember, and carry out simple instructions and make simple work-related decisions; can tolerate occasional changes in work setting; and can sustain an ordinary routine without special supervision. *Id.* In the first scenario, the VE was asked to consider, given those limitations, whether the hypothetical individual would be able to perform any of Plaintiff's past jobs. *Id.* The VE testified that the individual in this hypothetical would be able to perform his past job of sock boarder. *Id.* Plaintiff contends that this hypothetical did not account for his moderate limitation in understanding, remembering, or applying information, and moderate limitation in concentration, persistence, or pace. (Doc. 15). Plaintiff argues that the limitations stated by the ALJ were not sufficient under *Winschel,* in which the Eleventh Circuit held that a hypothetical question posed to a VE "must specifically account for limitations in concentration, persistence, and pace identified during the Psychiatric Review Technique." *Winschel v. Comm'r of Soc. Sec.* 631 F.3d 1176, 1178 (11th Cir. 2011).

The Eleventh Circuit has held that a limitation to unskilled work is sufficient to account for a moderate limitation in concentration, persistence, or pace when the record provides substantial evidence that a claimant can perform unskilled work. *Mijenes v. Comm'r of Soc. Sec.,* 687 F. App'x 842, 846 (11th Cir. 2017). Here, the ALJ noted Plaintiff's limitations in carrying out simple instructions and making simple work-related decisions. (R. 19). Additionally, the VE was asked to consider a hypothetical individual with Plaintiff's education, as well as his past work experience, none of which was skilled. (R. 71). The VE testified that, based on the hypothetical presented, such an individual was capable of performing his past relevant work of sock boarder. (R. 71). As the VE further noted in his testimony, a sock boarder does unskilled work that requires light exertion. (R. 61). The ALJ's hypotheticals sufficiently accounted for Plaintiff's moderate limitations by limiting the worker to unskilled work. But, even if the hypothetical questions did

not specifically limit the hypothetical worker in that way, there was no error because the past work that Plaintiff is capable of performing is unskilled. (R. 61, 71).

Although the ALJ sufficiently accounted for Plaintiff's moderate limitation in concentration, persistence, or pace in her first hypothetical, she also posed a second hypothetical to the VE focusing specifically on pace. (R.72). In the second hypothetical, the individual had the same limitations as the first, with the additional limitation that the individual can work consistently throughout the day, but not at a production rate pace where tasks must be performed quickly. (R.72). The VE testified that this hypothetical individual would not be able to perform any of Plaintiff's past jobs, but that there are nevertheless several jobs in the national economy that the hypothetical individual could perform. *Id.* Those jobs included: (1) kitchen helper, DOT 318.687-010, of which there are 145,000 in the national economy; (2) cleaner hospital, DOT 323.687-010, of which there are 55,000 nationally; (3) package handler, DOT 920.587-018, of which 80,000 jobs exist in the nation. *Id.* Plaintiff's moderate limitation in concentration, persistence, and pace was implicitly accounted for when the ALJ limited the hypothetical to unskilled work, but even if that was not the case, (again) the VE testified that there are still various jobs in the national economy that Plaintiff is capable of performing. (R. 72, Doc. 15).

## VI.   Conclusion

The court concludes that the ALJ's determination that Plaintiff has not been under a disability, as defined under the Act, beginning August 1, 2018 is supported by substantial evidence and proper legal standards were applied in reaching this determination. The Commissioner's final decision is due to be affirmed, and a separate order in accordance with this memorandum of decision will be entered.

**DONE** and **ORDERED** this March 17, 2022.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE